Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347)342-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                                    Case No.: 1-23-44535-jmm

    Henry G. Murray *aka Henry Murray*,                      Chapter 7

                    Debtor.
-----------------------------------------------------------X

## MOTION OF DEBTOR
## SEEKING RELIEF FROM IN REM ORDER
## PURSUANT TO 11 U.S.C. §362 (d)(4)

**TO THE HONORABLE JIL MAZER-MARINO,
UNITED STATES BANKRUPTCY JUDGE:**

    Henry G. Murray, the Debtor (the "Debtor"), by and through his undersigned counsel, Alla Kachan, of the Law Offices of Alla Kachan, P.C., file this Motion seeking relief from *In Rem* order, entered on May 24, 2023, entered by the Bankruptcy Court in the case 23-40170-jmm (the "In Rem order"), pursuant to 11 U.S.C. § 362(d)(4). In support of this motion, the Debtor respectfully represents and alleges as follows:

### JURISDICTION AND VENUE

    1.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND AND PROCEDURES

2.     On December 7, 2023 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition for relief under chapter 7 of the Bankruptcy Code. *See ECF Doc. No. 1.*

3.     Prior to the instant Bankruptcy filing, on May 24, 2023, the Order granting relief from the automatic stay and In Rem Relief with respect to the property locate at 194-41 116th Avenue, Saint Albans, NY 11412 (the "Property") was entered by the Bankruptcy Court in the case 23-40170-jmm (the "In Rem order"). According to the referenced In Rem order, it was ordered, that "pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other bankruptcy case purporting to affect the Collateral that is commenced not later than two (2) years after the date of entry of this Order; except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing". The In Rem Order is attached herein as Exhibit A.

4.     The Debtor, hereby, respectfully seeks a relief from *In Rem* order pursuant to 11 U.S.C. § 362(d)(4).

**RELIEF REQUESTED**

5.     The automatic stay affords "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. New Jersey Dep't of Evntl. Protection, 474 U.S. 494, 503 (1986).* The purpose of the automatic stay is to allow a debtor to focus its attention on reorganization efforts without the distraction of having to defend against outside litigation. *CAE Indus. Ltd. v. Aerospace Holdings Co., 116 B.R. 31, 32 (S.D.N.Y. 1990).* Additionally, the automatic stay prevents the state-law "race to the courthouse," and is intended to "allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated proceedings in other arenas."

*SEC v. Brennan, 230 F.3d 65, 71 (2d Cir. 2000)* (internal quotation omitted). In this regard, the automatic stay "promotes equal creditor treatment and gives the debtor a breathing spell." *In re Pioneer Commercial Funding Corp., 114 B.R. 45, 48 (Bankr. S.D.N.Y. 1990).*

6. Under the Bankruptcy Code, the filing of a bankruptcy petition automatically stays "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy]." *See 11 U.S.C. §362(a)(1).*

7. Further, 11 U.S.C. § 362(d), in pertinent part, provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) on this section, such as by terminating, annulling, modifying, or conditioning such stay —
(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either —
(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property.

If recorded in compliance with applicable State laws governing notices of interests or liens in real property, an order entered under paragraph (4) shall be binding in any other case under this title purporting to affect such real property filed not later than 2 years after the date of the entry of such order by the court, except that a debtor in a subsequent case under this title may move for relief from such order based upon changed circumstances or for good cause shown, after notice and a hearing. Any Federal, State, or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording.

8. Further, the section 362(b)(20) provides:

(b) The filing of a petition . . . does not operate as a stay —
(20) under subsection (a), of any act to enforce any lien against or security interest in real property following entry of the order under subsection (d)(4) as to such real property in any prior case under this title, for a period of 2 years after the date of the entry of such an order, except that the debtor, in a subsequent case under this

title, may move for relief from such order based upon changed circumstances or for other good cause shown, after notice and a hearing. § 362(b)(20)

9. Further, In re Crosby, 535 B.R. 908 (Bankr. S.D. Ga. 2015) the Court held, that due to "substantial change in [their] financial or personal affairs", relief from the automatic stay on this basis is not warranted. The standard enunciated herein is the standard espoused by 11 U.S.C. § 362(d)(4), and thus a finding of a substantial change in financial or personal affairs, provides basis for relief from an In Rem order.

10. Under the standards identified herein, the Debtor believes that good cause for relief from the *In Rem* order, entered on May 24, 2023, entered by the Bankruptcy Court in the case 23-40170-jmm (the "In Rem order"), pursuant to 11 U.S.C. § 362(d)(4) for foregoing reasons:

11. Prior the instant bankruptcy filing, on April 2, 2019, Henry Murray, the Debtor herein, commenced a Civil Court action in the Supreme Court of the Sate of New York, County of Queens, Index # 705773/2016 (the "Supreme Court Action") by filing a Complaint against the Donovan Anthony Wright et al (the "Complaint"). This action was brought, inter alia, to annul and set aside a fraudulent conveyance whereby Plaintiffs, Henry Murray and Paulette Murray, were wrongfully deprived of ownership of his property located at 194-41 116th Avenue, Saint Albans, NY 11412 (the "Property").

12. According to the referenced complaint:

13. On or about April 30, 2001, Henry Murray and Paulette Murray obtained ownership of Property by virtue of a deed which was recorded in the Office of the City Register on June 22, 2001.

14. Henry Murray and Paulette Murray entered into the certain mortgage agreements in amounts of $208,322.00 and $242,000.00 with respect to the property know as and located at 194-41 116th Avenue, Saint Albans, NY 11412 (the "Property").

15. Due to a combination of circumstances, there came a time when Henry Murray and Paulette Murray become unable to make timely tax payments. In or about December of 2005, Henry Murray and Paulette Murray, were approached by Mr. Wright, who offered them the ability to refinance their mortgage to obtain a lower interest rate and promised to take care of tax arrears. Mr. Wright informed them that the Property need to be deeded to him and that he would obtain a refinance on the Property. Once the refinance is completed, Mr. Wright would transfer the Property back to them.

16. On or about March 27, 2006, Henry Murray and Paulette Murray executed a deed that transferred ownership of the Property to Mr. Wright, that was dated March 27, 2006, and was recorded in the Office of the City Register on April 21, 2006, in CRFN No. 2006000225280 (the "2006 Deed").

17. Thereafter, on or about March 27, 2006, Mr. Wright encumbered the Property with a mortgage in favor of New Century Mortgage Corporation in the amount of $396,000.00 (the "Mortgage"). The Mortgage was dated March 27, 2006 and recorded in the Office of the City Register on April 21, 2006 in CRFN No. 2006000225281.

18. However, once the refinance was completed, Mr. Wright failed to transfer title of the Property back to Henry Murray and Paulette Murray.

19. Henry Murray and Paulette Murray have since learned, however, Mr. Wright never had any intention of fulfilling its promise. Rather, it has been Mr. Wright's plan, all along, to simply

divest Henry Murray and Paulette Murray of their ownership interest in the Property for his own unjust enrichment.

20. As of the date of the Supreme Court Action, commenced on April 2, 2019, Mr. Wright has refused to transfer title of the Property back to Henry Murray and Paulette Murray.

21. Henry Murray and Paulette Murray made all payments due and owing under the Mortgage, despite Mr. Wrights failure to comply with his promises to Henry Murray and Paulette Murray, until December 1, 2008, when Henry Murray and Paulette Murray were faced with an economic hardship.

22. Due to this, a mortgage foreclosure action was commenced in Queens County Supreme Court entitled Wells Fargo Bank, N.A. as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 asset-Backed-Through Certificates v. Donovan Anthony Wright, et. al., under index number 726106/2021 (the "Foreclosure Action"). Moreover, because the title no longer rests in the Debtor's name, Henry Murray and Paulette Murray, are unable to reach a modification agreement with Wells Fargo Bank, N.A. in the Foreclosure Action, in an attempt to save their long-time home.

23. In sum, upon information and belief, Mr. Wright has not complied with all of his of its agreed-upon commitments, which were originally relied upon by Henry Murray and Paulette Murray, when the 2006 deed was executed. Henry Murray and Paulette Murray had no understanding of the true ramifications of this deed and, instead relied on Mr. Wrights' representations that such deed was necessary for a lower interest rate on a mortgage.

24. In order to return an ownership of their property, on April 2, 2019, Henry Murray and Paulette Murray commenced a Civil Court action in the Supreme Court of the State of New

York, County of Queens, Index # 705773/2019 (the "Supreme Court Action") against the Donovan Anthony Wright.

25. On September 15, 2023, the Supreme Court entered a Judgement and Order, granting the motion for a default judgment against Donovan Anthony Wright, under which Henry Murray and Paulette Murray get their property back. A copy of this Judgement and Order is attached herein as Exhibit B.

26. The referenced Judgement and Order, entered by the Supreme Court, provides:

> "... that plaintiffs Henry Murray and Paulette Murray are the lawful owners of the subject Premises and hold absolute legal title to the subject premises, free and clear from any estate, trust, or other interest of Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright;
> ... that March 27, 2006 deed, recorded in the Office of the City Register on April 21, 2006 in CRFN No. 2006000225280, is deemed void and unenforceable, and is hereby set aside; and it is further;
> .... that the Kings County Clerk, upon the payment of proper fees, is hereby directed to cancel, discharge, and remove the March 27, 2006 deed, recorded in the Office of the City Register on April 21, 2006 in CRFN No. 2006000225280, as against the subject premises; and it is further;
> ..... that defendant's Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright's interest in the ownership of the subject premises pursuant to the March 27, 2006 deed, recorded in the Office of the City Register on April 21, 2006 in CRFN No. 2006000225280, is divested back to plaintiffs Henry Murray and Paulette Murray."

27. Therefore, according to the Supreme Court judgement and order, the Property in question, now belongs to the Debtor, and this fact is sufficient to establish good cause based upon "changed circumstances" under 11 U.S.C. § 362(d)(4) and to move the Court for relief from In Rem order.

28. For foregoing facts and reasons, the Debtor believes that changed circumstances and good cause shown to move this Court for relief from the In Rem Order, as the Debtor has obtained the Judgement and Order, returning his ownership in the referenced property, and

thereafter commenced this Bankruptcy proceeding in good faith, simply to reach a mortgage modification agreement with Wells Fargo Bank N.A. through the loss mitigation program under the guidance and supervision of the Bankruptcy Court. Furthermore, the Debtor was not engaged in conduct that hinders or defrauds secured creditor, Wells Fargo Bank N.A., but on the contrary, Henry Murray, is a victim in the fraudulent scheme of Mr. Wright, and therefore the Debtor prays that he will be entitled the opportunity to safe his home and to modify the mortgage.

29. Thus, the Debtor believes that the relief requested in this Motion is appropriate and is in the best interests of all parties in interests.

**WHEREFORE**, the Debtor respectfully requests that the Court enter the Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Brooklyn, New York
December 8, 2023

LAW OFFICES OF ALLA KACHAN, P.C.

By: /s/ Alla Kachan
Alla Kachan, Esq.
2799 Coney Island Avenue, Ste 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347) 342-3156
alla@kachanlaw.com

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
2799 Coney Island Avenue, Suite 202
Brooklyn, NY 11235
Tel.: (718) 513-3145
Fax: (347)342-3156
alla@kachanlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                                         Case No.: 1-23-44535-jmm

    Henry G. Murray *aka Henry Murray*,            Chapter 7

                     Debtor.
------------------------------------------------------------X

## ORDER GRANTING DEBTOR'S MOTION SEEKING RELIEF FROM *IN REM* ORDER PURSUANT TO 11 U.S.C. § 362(D)(4)

Upon the Motion of the Debtor, Henry G. Murray, seeking relief from *In Rem* order pursuant to 11 U.S.C. § 362(d)(4), and upon consideration of the motion and all pleading related thereto; and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest; and after due deliberation, and good and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED** that the Motion is GRANTED in its entirety; and it is further

    **ORDERED** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order, and it is further

    **ORDERED** that this Court may retain jurisdiction to hear and determine all matters arising from or related to this Order.

**EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In re:

                                                                  Chapter 7

Henry G Murray *aka* Henry Murray,

                                                                  Case No. 1-23-40170-jmm

                              Debtor.
----------------------------------------------------------X

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND IN REM RELIEF

Upon the motion [ECF No. 13] (the "Motion") of Carrington Mortgage Services, LLC as Servicer for Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset-Backed Pass-Through Certificates ("Movant"), for relief from the automatic stay with respect to 194-41 116th Avenue, Saint Albans, NY 11412 (the "Collateral"); and a hearing on the Motion having been held on March 21, 2023; and good and sufficient notice of the Motion and the hearing having been given; and objections, if any, having been overruled, withdrawn or resolved, and good cause appearing therefor, it is

**ORDERED,** that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby modified pursuant to 11 U.S.C. § 362(d)(1)-(2) to permit Movant, its agents, assigns, or successors in interest, to exercise their rights and remedies available under applicable law as to the Collateral; and it is further

**ORDERED,** within thirty (30) days of any sale or disposition of the Collateral, the Movant shall (i) serve a copy of the report of sale or disposition of the Collateral on; and (ii) remit any surplus proceeds realized from the sale or other disposition of the Collateral to, the Chapter 7 Trustee; and it is further

**ORDERED**, pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other bankruptcy case purporting to affect the Collateral that is commenced not later than two (2) years after the date of entry of this Order; except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that all other relief sought in the Motion is denied.



Dated: May 24, 2023
       Brooklyn, New York

_____
Jil Mazer-Marino
United States Bankruptcy Judge

**EXHIBIT B**

**FILED & RECORDED**

9/15/2023, 11:06:33 AM

COUNTY CLERK
QUEENS COUNTY

Curt Square

At IAS 14 of the Supreme Court held in and for the County of Queens, at the Courthouse located at ~~88-11 Sutphin Boulevard, Jamaica,~~ 25-10 *[handwritten]* Long Island City New York ~~11435~~, on the 12 day of September, 2023.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

HENRY MURRAY and PAULETTE MURRAY,

                Plaintiffs,

-against-

DONOVAN ANTHONY WRIGHT A/K/A DONOVAN A. WRIGHT A/K/A DONOVAN WRIGHT; WELLS FARGO BANK N.A., AS TRUSTEE, FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-NC3 ASSET-BACKED PASS-THROUGH CERTIFICATES; AMERICREDIT FINANCIAL SERVICES, INC.; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY PARKING VIOLATIONS BUREAU; NEW YORK CITY TRANSIT ADJUDICATION BUREAU; CRIMINAL COURT OF THE CITY OF NEW YORK; and "JOHN DOE #1" through "JOHN DOE #10," the last ten names being fictitious and unknown to the plaintiff, the person or parties intended as persons or entities who either have some claim or interest in the premises described in the Complaint, or, in the alternative, that aided and abetted the conduct which forms the basis of the Complaint,

                Defendants.

Index No. 705773/2019

**JUDGMENT AND ORDER**

Subject Premises:
194-41 116th Avenue
Saint Albans, New York 11412
Block No.: 11036
Lot No.: 47

      This action having been commenced by Henry Murray and Paulette Murray with the filing of a Summons and Complaint on April 2, 2019, against, *inter alia*, defendant Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright ("Donovan"), and plaintiffs having duly moved by Notice of Motion dated July 19, 2021 for a default judgment against Donovan (the "Motion");

This action having been discontinued by stipulation dated September 22, 2021 and filed on October 21, 2021, as against defendant Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset Backed Pass-Through Certificates only, and no relief having been sought by the Motion against the other defendants;

NOW, upon the reading and consideration of the Notice of Motion, the Affirmation of Maria G. Garber, Esq. dated July 19, 2021, the November 4, 2021 Default Judgment Order of the Hon. Janice A. Taylor, and the November 20, 2021 amended Default Judgment Order of the Hon. Janice A. Taylor, and the plaintiffs having waived the monetary component of their claims (*i.e.*, for an award of damages on their second, third, fourth, sixth, and seventh causes of action), and after due deliberation having been held thereon, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that the Motion made by plaintiffs Henry Murray and Paulette Murray against defendant Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright is granted in its entirety; and it is further:

**ORDERED, ADJUDGED AND DECREED** that the plaintiffs' application for a default judgment against defendant Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright, pursuant to CPLR § 3215(a), on their complaint is hereby granted, and it is further:

**ORDERED, ADJUDGED AND DECREED** that plaintiffs Henry Murray and Paulette Murray are the lawful owners of the subject Premises and hold absolute legal title to the subject premises, free and clear from any estate, trust, or other interest of Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright;

This action having been discontinued by stipulation dated September 22, 2021 and filed on October 21, 2021, as against defendant Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC3 Asset Backed Pass-Through Certificates only, and no relief having been sought by the Motion against the other defendants;

NOW, upon the reading and consideration of the Notice of Motion, the Affirmation of Maria G. Garber, Esq. dated July 19, 2021, the November 4, 2021 Default Judgment Order of the Hon. Janice A. Taylor, and the November 20, 2021 amended Default Judgment Order of the Hon. Janice A. Taylor, and the plaintiffs having waived the monetary component of their claims (*i.e.*, for an award of damages on their second, third, fourth, sixth, and seventh causes of action), and after due deliberation having been held thereon, it is hereby:

**ORDERED, ADJUDGED AND DECREED** that the Motion made by plaintiffs Henry Murray and Paulette Murray against defendant Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright is granted in its entirety; and it is further;

**ORDERED, ADJUDGED AND DECREED** that the plaintiffs' application for a default judgment against defendant Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright, pursuant to CPLR § 3215(a), on their complaint is hereby granted, and it is further;

**ORDERED, ADJUDGED AND DECREED** that plaintiffs Henry Murray and Paulette Murray are the lawful owners of the subject Premises and hold absolute legal title to the subject premises, free and clear from any estate, trust, or other interest of Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright;

**ORDERED, ADJUDGED AND DECREED** that March 27, 2006 deed, recorded in the Office of the City Register on April 21, 2006 in CRFN No. 2006000225280, is deemed void and unenforceable, and is hereby set aside; and it is further;

**ORDERED, ADJUDGED AND DECREED** that the Kings County Clerk, upon the payment of proper fees, is hereby directed to cancel, discharge, and remove the March 27, 2006 deed, recorded in the Office of the City Register on April 21, 2006 in CRFN No. 2006000225280, as against the subject premises; and it is further;

**ORDERED, ADJUDGED AND DECREED** that defendant's Donovan Anthony Wright a/k/a Donovan A. Wright a/k/a Donovan Wright's interest in the ownership of the subject premises pursuant to the March 27, 2006 deed, recorded in the Office of the City Register on April 21, 2006 in CRFN No. 2006000225280, is divested back to plaintiffs Henry Murray and Paulette Murray.

ENTER,

Hon. _____ J.S.C.

**HON. DENISE JOHNSON**

**FILED & RECORDED**
9/15/2023, 11:06:33 AM
COUNTY CLERK
QUEENS COUNTY

CLERK _____